◼ In the Matter of the Claim of JAMES E. TRICKEL, Appellant, v J. F. JUDSKI ASSOCIATES, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [669 NYS2d 411] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed February 1, 1996, which ruled that claimant did not sustain a consequential causally related injury to his back.

On April 27, 1988, while in the course of his employment as a carpenter, claimant fell and fractured his right tibia and

fibula.* Claimant's application for workers' compensation benefits was granted and he was found to have a 75% causally related permanent disability to and a 22¹/₂% schedule loss of use of the right leg. Thereafter, on December 22, 1991, claimant again was injured when he twisted his lower back while stepping out of a bathtub and bending over to wrap a towel around his head. Claimant subsequently applied for workers' compensation benefits, contending that this injury was a consequence of the 1988 leg injury and the shortening of the length of his right leg. The Workers' Compensation Board denied the claim, finding that the 1991 accident was a new accident unrelated to claimant's 1988 accident or injuries. The Board further found that claimant had a permanent partial disability, attributing 50% to the noncompensable 1991 incident, 25% to the 1988 leg injury and 25% to claimant's prior noncompensable leg injury. Claimant now appeals, contending that the Board's decision is not supported by substantial evidence.

Whether a claimant's disability consequentially arose from injuries sustained in an earlier accident is a factual question for the Board to resolve (*see generally, Matter of Barre v Roofing & Flooring*, 83 AD2d 681). Although the record before us contains conflicting medical proof in this regard, the Board was free to credit the testimony offered by the workers' compensation carrier's expert, who concluded that there was no causal relationship between claimant's 1991 back injury and his compensable 1988 leg injury (*see generally, Matter of August v Chromalloy R & T*, 240 AD2d 966, *lv dismissed* 90 NY2d 1007). Claimant's remaining contentions, including his assertion that the record as a whole does not support the Board's decision as to apportionment, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Several years prior to this accident, claimant sustained a noncompensable fracture to, insofar as is relevant to this appeal, his right femur as the result of a motor vehicle accident. It appears that the combination of these healed fractures resulted in a one-half-inch to one-inch shortening of claimant's right leg which, in turn, caused an antalgic gait.