■ In the Matter of the Claim of GLENN SCOFIELD, Appellant, v CITY OF BEACON POLICE DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [737 NYS2d 132] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed August 8, 2000, which ruled, inter alia, that the employer was entitled to full reimbursement from a schedule award.

Claimant, a police officer, sustained a work-related left knee injury in May 1995 and injured the same knee at work in May 1996. He lost time from work after each injury and was paid

his regular wages pursuant to General Municipal Law § 207-c. After the May 1996 injury, a 15% schedule loss of use award for the left leg was made and, pursuant to Workers' Compensation Law § 30, the employer sought reimbursement from the schedule award for the wages paid after both injuries. Based upon the opinion of his treating physician that the schedule award was caused entirely by the 1995 injury, claimant argued that the employer's right to reimbursement from the award was limited solely to the wages paid after the first injury. The Workers' Compensation Board disagreed and concluded that the 1996 injury was a consequence of the 1995 injury, not a new injury, and therefore the two files should be combined resulting in reimbursement to the employer for all wages paid on the combined files. Claimant appeals.

Whether a second injury is a consequence of an earlier one is a factual issue for the Board to resolve (*see, Matter of Trickel v Judski Assoc.*, 247 AD2d 778) and depends upon the existence of a sufficient relationship between the two injuries (*see, Matter of Crawford v New York City Health & Hosp. Corp.*, 257 AD2d 801). Both injuries in this case were a dislocated patella. After the second injury, claimant was diagnosed with a recurrent dislocation which was surgically repaired. As the second injury is a result of the weakened condition caused by the earlier accident, there is ample support for the Board's finding that it was a consequence of the first (*see, Matter of Johnson v New York City Bd. of Educ.*, 169 AD2d 1003). Although a finding of consequentiality does not necessarily resolve the issue of reimbursability (*see, Matter of Landgrebe v County of Westchester*, 57 NY2d 1, 11), where, as here, both injuries were directly related to the impairment upon which the schedule award was based, full reimbursement is appropriate.

Cardona, P.J., Mercure, Crew III and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.