In the Matter of the Claim of JUDITH JOHNSON, Respondent, v OCM BOCES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [786 NYS2d 586]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed October 2, 2003, which, inter alia, ruled that claimant sustained a causally related consequential injury.

Claimant injured her right ankle in a work-related accident in

1999 and thereafter received workers' compensation benefits pursuant to a stipulation which apportioned 40% of her disability to the work-related accident and 60% to an unrelated incident. In 2001, claimant filed an amended claim, asserting a consequential injury to her right shoulder. The second injury occurred when claimant slipped while using crutches necessitated by surgeries performed to correct her ankle injury. Following a hearing, a Workers' Compensation Law Judge established this additional claim and the Workers' Compensation Board affirmed. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) appeal.

We conclude that the Board's establishment of a consequential injury to claimant's shoulder is supported by substantial evidence. Claimant's treating physician and the carrier's physician concurred that claimant's 1999 compensable ankle injury exacerbated her preexisting unrelated ankle injury, thus requiring surgery and the use of crutches. Both physicians further agreed that claimant's shoulder injury would not have occurred if claimant had not been using the crutches. Based on the foregoing, and notwithstanding the existence of contrary evidence which created a credibility question that the Board was entitled to resolve against the carrier, we find no basis to disturb the Board's factual determination that claimant's shoulder injury was a consequence of her earlier compensable ankle injury (*see Matter of Scofield v City of Beacon Police Dept.*, 290 AD2d 845, 846 [2002]; *Matter of Barre v Roofing & Flooring*, 83 AD2d 681 [1981]).

We further reject the carrier's argument that the Board erred in declining to direct the apportionment of claimant's consequential shoulder injury among her compensable and preexisting noncompensable ankle ailments. Neither the treating physician nor the carrier's physician attempted to apportion the shoulder injury or offer an opinion regarding whether that injury was attributable in part to claimant's preexisting condition. The carrier's physician indicated, however, that it was claimant's work-related injury that caused her pain, necessitating the surgery, which, in turn, led to the use of the crutches and the shoulder injury. Given this statement and the absence of any evidence suggesting that the shoulder injury should be apportioned, we cannot say that the Board's refusal to direct apportionment was irrational. Moreover, contrary to the carrier's argument that the determination must be reversed because it represents a departure from precedent without explanation (*see Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 518-520 [1985]), the Board adequately explained that

the allegedly conflicting precedent, *Delphi Term. Harrison* (2001 WL 1452534, 2001 NY Workers' Comp LEXIS 96693 [Nov. 6, 2001]), is distinguishable because in that matter, the carrier submitted evidence supporting apportionment. Again, in the instant case, no such evidence was presented.

We have considered the carrier's remaining arguments and conclude that they are lacking in merit.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.