■ In the Matter of the Claim of Thomas E. Wallace, Respondent, v Oswego Wire, Inc., et al., Appellants. Workers' Compensation Board, Respondent. [814 NYS2d 380]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed January 14, 2005, which ruled that claimant sustained a causally related consequential injury.

Claimant sustained a work-related right knee injury in March 2002 and thereafter began receiving workers' compensation benefits. In October 2002, while still out of work, claimant was at home cutting wood with a table saw when his injured right knee gave out, causing him to lose his balance and cut his left hand on the saw. A workers' compensation law judge subse-

quently determined that claimant's left hand injury was consequentially related to his previously established right knee injury. The Workers' Compensation Board affirmed that decision, prompting this appeal by the employer and its workers' compensation carrier.

Whether a claimant's disability consequentially arose from injuries sustained in a previous accident is a factual issue left for resolution by the Board (*see Matter of Scofield v City of Beacon Police Dept.*, 290 AD2d 845, 846 [2002]; *Matter of Trickel v Judski Assoc.*, 247 AD2d 778, 779 [1998]). Likewise, it is for the Board to decide whether a claimant's conduct is unreasonable and therefore constitutes an intervening act negating causality (*see Matter of Pellerin v New York State Dept. of Correction*, 215 AD2d 943, 944 [1995], *lv denied* 87 NY2d 806 [1996]). Here, we find that substantial evidence supports the Board's determination that claimant's conduct in using the table saw despite his knee condition was not "so unreasonable as to find that it was an intervening cause" (*see id.* at 944). Although claimant had only been advised to forgo weight bearing activities and was aware of the possibility that his knee could give out, the record reveals that such buckling had occurred only on a relatively infrequent basis and, indeed, had not happened in more than a month. Under these circumstances, we discern no basis to disturb the Board's factual decision.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.