■ In the Matter of the Claim of JACQUE J. SENECAL, Appellant, v ALLIED BENDIX et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [816 NYS2d 213]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed September 7, 2004, which ruled that claimant did not sustain a causally related consequential injury and denied his claim for workers' compensation benefits.

Claimant sustained a work-related injury to his left shoulder in 1991 and received workers' compensation benefits. Claimant underwent surgery on this shoulder in 1992 and retired from his employment in 1995. In January 2002, claimant sought treatment for pain he purportedly was experiencing in his right shoulder, contending that he had sustained a consequential injury to his right shoulder as a result of favoring his left shoulder following the 1992 surgery thereon. Liability for the claim thereafter was shifted to the Special Fund for Reopened Cases and, following hearings, a workers' compensation law judge amended the claim to establish a causally related consequential injury to claimant's right shoulder. A panel of the Workers' Compensation Board subsequently reversed, prompting this appeal by claimant.

We affirm. Claimant testified that he first experienced pain in his right shoulder in 1992 following the surgery on his left shoulder and his ensuing return to work, which he attributed to the fact that he had to favor his left shoulder in order to perform tasks related to his then employment. That, however, was not the history that claimant related to Charles Kalman, the physician who examined claimant on behalf of the Special Fund. Kalman testified that claimant indicated that he developed right shoulder pain spontaneously in January 2002. In any event, the record makes clear that regardless of the history related by claimant, he did not seek medical treatment for the pain in his right shoulder until 2002—11 years after the injury to his left shoulder, 10 years after the surgery thereon and almost seven years after he retired. Additionally, Kalman opined that the degenerative changes depicted on the various diagnostic studies

of claimant's right shoulder were consistent with the natural aging process, and claimant's treating physician acknowledged that the tendinitis and arthritis observed on claimant's MRI could have developed over time and would not be considered unusual findings in a man claimant's age. Under such circumstances, we cannot say that the Board erred in concluding that claimant did not suffer a causally related consequential injury to his right shoulder. As the Board's decision is supported by substantial evidence in the record as a whole, it will not be disturbed (*compare Matter of Johnson v OCM BOCES*, 13 AD3d 707 [2004]). In light of this conclusion, we need not address the alternate ground for reversal invoked by the Board—namely, that the workers' compensation carrier would have been severely prejudiced by the lack of notice of the asserted consequential injury.

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.