■ In the Matter of the Claim of TIMMY ATKINSON, Appellant, v JOSEPH BALDWIN CONSTRUCTION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [841 NYS2d 724]—

Spain, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed March 29, 2006 and May 9, 2006, which, among other things, clarified a previous decision of the Board filed April 23, 2002.

In July 1998, claimant sustained a compensable injury to his right shoulder while erecting scaffolding for the employer at a prison facility in the Town of Malone, Franklin County (*see*

*Atkinson v State of New York*, 20 AD3d 739, 739-740 [2005]). Thereafter, defendant filed a workers' compensation claim and, while the claim concerning his right shoulder was progressing, claimant began complaining of problems with his left shoulder. Claimant asserted that his left shoulder problems were a result—either directly or consequentially—of the July 1998 accident, and evidence regarding the left shoulder was adduced. In a decision filed on October 15, 2001, a Workers' Compensation Law Judge (hereinafter WCLJ) determined, among other things, that no causal relationship existed between claimant's left shoulder injury and the July 1998 accident. In an April 23, 2002 decision affirming the determination of the WCLJ, the Workers' Compensation Board found, "after a review of the entire record, that the issue of causally related left arm should be affirmed." The Board further found, however, that "the issue of schedule of loss of use for both arms needs to be developed further on the record." This decision was not appealed by claimant.

Following the Board's decision, fact finding continued with respect to the right shoulder, with submission of some evidence regarding the left arm, until a WCLJ decision, filed on November 23, 2005, reiterated that the "[c]laim for the left arm was previously disallowed." In affirming the WCLJ's decision, the Board, in a decision filed March 29, 2006 and an amended decision filed May 9, 2006, clarified its April 23, 2002 decision by stating that, "upon review of the entire record, [its April 23, 2002 decision] did affirm the WCLJ decision filed October 15, 2001, which found that there was no causally related left arm condition, and inadvertently stated in the decision that the issue of schedule loss of use for 'both arms' be developed. The issue of schedule loss of use for the right arm alone was the issue to be developed." Claimant now appeals.

In our view, by clarifying its April 23, 2002 decision, the Board's 2006 decisions effectively amended it (*see* Workers' Compensation Law § 123) and, as a result, we will reach the issue of whether the Board's determination of no causal relationship prior to April 23, 2002 with respect to the left arm is supported by substantial evidence. Upon review, we find that it is. In this regard, Edwin Mohler, a physician who reviewed claimant's history and examined him in November 1999 on behalf of the employer's workers' compensation carrier, concluded that there was no direct or consequential relationship between claimant's left shoulder injury and the July 1998 accident. Although claimant and his experts testified to the contrary, we note that the testimony of the experts supporting

claimant's position was found to be of little probative value and claimant was found not to be a credible witness. According proper deference to the Board's assessments of witness credibility and resolution of conflicting medical evidence, we decline to disturb the Board's conclusion (*see Matter of Ferraina v Ontario Honda*, 32 AD3d 643, 644 [2006]; *Matter of Peterson v Suffolk County Police Dept.*, 6 AD3d 823, 824 [2004]).

Furthermore, to the extent that claimant contends that the finding of no causal relationship between his left shoulder injury and the July 1998 accident left open the issue of a consequential left shoulder injury arising from the same accident, we disagree. A causal connection is indispensable to the establishment of any workers' compensation claim, and this is as true of a consequential injury claim as it is a claim of direct injury (*see Matter of Senecal v Bendix*, 29 AD3d 1232, 1233 [2006]; *see generally Matter of Scofield v City of Beacon Police Dept.*, 290 AD2d 845, 846 [2002]; *Matter of Petillo v Wyckoff Hgts. Hosp.*, 288 AD2d 515, 516 [2001]). Here, claimant's theory of consequential injury to his left shoulder due to overcompensation for his right shoulder injury was before the Board when it determined that "there was no causally related left arm condition," and thus its decision disallowed any claim for consequential injury to the left shoulder at that time.

Finally, we note that inasmuch as we are affirming the Board's April 23, 2002 determination, as amended by its 2006 decisions, we make no finding with respect to evidence in the record postdating that decision.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.