■ In the Matter of the Claim of David Poulton, Respondent, v Martec Industries et al., Appellants, and Griffin Manufacturing Company, Respondent. Workers' Compensation Board, Respondent. [904 NYS2d 573]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed April 29, 2009, which, among other things, ruled that claimant aggravated a prior injury and awarded workers' compensation benefits.

Claimant, a laborer employed by Martec Industries, applied for workers' compensation benefits alleging that he injured his back lifting materials at work on June 7, 2006. Inasmuch as claimant had sustained back injuries in 1998 and 2000 while working for a prior employer,[1] Martec and its workers' compensation carrier controverted the claim. Following hearings, a workers' compensation law judge awarded claimant benefits, concluding that the June 7, 2006 incident constituted "an accidental work related aggravation of prior neck and back injuries." Upon review, the Workers' Compensation Board affirmed.

Martec and the carrier now appeal, asserting, among other things, that the June 7, 2006 incident did not cause a new disability. Under the circumstances, "the proper inquiry is whether claimant's employment acted upon [a] preexisting condition in such a way as to cause a disability which did not previously exist" (*Matter of Sidaris v Brookhaven Mem. Hosp.*, 271 AD2d 884, 885 [2000] [internal quotation marks and citation omitted]). We conclude that it did not and, thus, reverse.

Claimant testified that he had experienced the same type of back pain "every day" since 1998. On June 2, 2006, claimant scheduled a June 8, 2006 appointment with his treating physician—who had been seeing claimant for his back problems on a monthly basis—to discuss his desire to cease working.[2] At that appointment, claimant made no mention of an incident at work

---

1. Claimant did not apply for workers' compensation benefits in 1998; the 2000 incident, however, resulted in an established workers' compensation claim.

2. While scheduling the appointment, claimant informed personnel in his physician's office that he had increasing back pain and that it had become hard for him to function at work. On June 6, 2006, claimant contacted his physician's office again and reiterated his desire to discuss going out on disability. We note, in addition, that claimant made no reference to the June 7, 2006 work-related incident on an application for disability benefits that he completed on June 9, 2006.

the prior day and, following the examination, claimant's physician concluded that claimant was disabled and unable to work "[b]ecause of his old injuries and his continued decline."

When claimant's treating physician later learned of the June 7, 2006 incident, he characterized it as an example of episodic increases in pain that claimant had suffered since 1998. Claimant similarly acknowledged that he "had this type of pain even before [he] started working at Martec" and, in fact, had felt the same type of intense pain in the "same area of the body, same area of the back" as recently as one month before the June 7, 2006 incident. Indeed, claimant acknowledged that his treating physician had been urging him to go out on disability for quite some time. Furthermore, claimant's supervisor testified that claimant regularly complained of back pain and that, before June 2006, claimant stated that he might stop working and seek permanent disability benefits as a result of a back injury sustained at his former job. Finally, a second physician who examined claimant opined that he suffered from degenerative disc disease and that his disability was caused primarily by preexisting problems.

Considering the foregoing and viewing the record as a whole, we conclude that the Board's finding that claimant sustained a new injury on June 7, 2006 is not supported by substantial evidence. Accordingly, the Board's decision must be reversed and the matter remitted to the Board for further proceedings (*cf. Matter of Baer v Eden Park Nursing Home*, 51 AD3d 1344, 1344-1345 [2008]; *see generally Matter of Lomuscio v Metropolitan Suburban Bus Auth.*, 290 AD2d 828, 829-830 [2002]).

The parties' remaining arguments are rendered academic.

Cardona, P.J., Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.