Mercare, J.P.
Appeal from a decision of the Workers’ Compensation Board, filed January 30, 2012, which, among other things, ruled that claimant did not violate Workers’ Compensation Law § 114-a.
Claimant, while employed as a machinist by Griffin Manufacturing Company, reported that he sustained injuries to his back in July 1998 and March 2000. He did not pursue workers’ compensation benefits with respect to the 1998 incident, but the 2000 incident resulted in an established workers’ compensation claim set forth in a September 2002 decision by a Workers’ Compensation Law Judge (hereinafter WCLJ), which was not appealed.* Eight years later, Griffin filed an application seeking a reopening and rehearing of the previously established 2000 claim on the basis that claimant allegedly violated Workers’ Compensation Law § 114-a. According to Griffin, claimant concealed a prior 1979 motor vehicle accident, impermissibly “linked a time barred accident” allegedly occurring in July 1999 to the 2000 incident, and gave inconsistent accounts regarding the 2000 claim. Following a hearing, the WCLJ found no credible evidence of fraud supporting Griffin’s contentions. Upon review, the Workers’ Compensation Board affirmed and denied the application to reopen, and this appeal by Griffin ensued.
We affirm. “The Board’s determination as to whether a claimant has made a material misrepresentation in violation of Workers’ Compensation Law § 114-a will not be disturbed if supported by substantial evidence” (Matter of Hamza v Steinway & Sons, 88 AD3d 1033, 1033 [2011] [citations omitted]). Here, the record evinces that claimant’s medical file included information pertaining to his 1979 motor vehicle accident, and Griffin acknowledged that the July 1999 accident date appearing on a few medical reports “was probably a typo” *1072 meant to refer to the already-disclosed July 1998 incident. Furthermore, Griffin’s contention that claimant gave inconsistent accounts of the 2000 injury did no more than create “a credibility issue for the Board, the sole arbiter of witness credibility” (Matter of Martinez v LeFrak City Mgt., 100 AD3d 1110, 1111 [2012] [internal quotation marks and citation omitted]). Inasmuch as there is substantial evidence supporting the Board’s decision, we decline to disturb it.
Griffin’s remaining contentions, including its assertion that the Board abused its discretion in granting a reopening or rehearing of the 2000 claim, have been examined and found to be unpersuasive.
Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

 Thereafter, claimant filed another claim for workers’ compensation benefits alleging that he sustained another injury in June 2006 while working for a subsequent employer. Although the Workers’ Compensation Board decided that claimant sustained a new injury, this Court ultimately ruled that this decision was not supported by substantial evidence (Matter of Poulton v Martec Indus., 75 AD3d 819 [2010]).