*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                521670
_____

In the Matter of the Claim of
    DONALD STANGE,
                    Respondent,

        v

ANGELICA TEXTILE SERVICES,              MEMORANDUM AND ORDER
    INC., et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  April 27, 2016

Before:  Peters, P.J., Lahtinen, Garry, Clark and Mulvey, JJ.

                    _____

        Goldberg Segalla, LLP, Rochester (Jamie L. Caldwell of counsel), for appellants.

        Lewis & Lewis, PC, Batavia (Daniel P. Kuhn of counsel), for Donald Stange, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.

                    _____

Clark, J.

        Appeal from a decision of the Workers' Compensation Board, filed October 30, 2014, which ruled, among other things, that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant, a production worker, sustained an established work-related injury to his right shoulder in January 2012 when a production hamper struck him. The employer did not dispute the claim, and claimant had authorized surgery in April 2012 to repair a right shoulder rotator cuff tear and was awarded benefits for a temporary total disability. On July 30, 2012, while claimant was recovering and after he had been cleared to start physical therapy, he stumbled on stairs and reinjured his right shoulder when he grabbed the railing to catch himself. An MRI disclosed a torn tendon in his right shoulder. A request by claimant's treating orthopaedic surgeon, Matthew Landfried, for authorization to perform additional surgery on claimant's right shoulder was denied on the grounds that it was a new injury and that a causal relationship had not been established. Landfried nonetheless performed a second shoulder surgery on September 19, 2012 to repair claimant's torn right shoulder tendon. After review by the full Workers' Compensation Board, the Board determined that claimant had established a causal connection between his earlier work-related injury and his subsequent consequential injury. The Board upheld the award of workers' compensation benefits to claimant for the period following his second surgery based upon evidence that he had a continuing causally related temporary total disability. The employer and its workers' compensation carrier now appeal.

Whether claimant's subsequent reinjury and resulting disability consequentially arose from injuries that he sustained in the January 2012 work-related accident was a factual issue for the Board to resolve, and its determination will not be disturbed provided that it is supported by substantial evidence (see Matter of Senecal v Bendix, 29 AD3d 1232, 1233 [2006]; Matter of Wallace v Oswego Wire, Inc., 29 AD3d 1057, 1058 [2006]; Matter of Johnson v OCM BOCES, 13 AD3d 707, 708 [2004]; see also Matter of Caezza v Via Health, 111 AD3d 1033, 1034 [2013]). Landfried testified that while claimant's original shoulder tear had been recovering well prior to the reinjury and the repair of that original rotator cuff tear "held together" after his July 2012 stumbling incident, the resulting new tear was an extension of the original tear. Landfried, who observed the tears to claimant's shoulder during both surgeries, stated that the two tears overlapped and opined that the second tear was an exacerbation of the original

tear and preexisting injury, and that the second tear and surgery were causally related to the first injury. While the carrier's consultant reached a somewhat contrary conclusion, the Board discounted that opinion because it failed to address the facts that the tears overlapped and the second tear was an extension of the original tear. Significantly, the carrier's consultant did not review any of claimant's medical records following the first surgery and prior to the reinjury in forming his opinion regarding causation. According appropriate deference to the Board's resolution of the conflicting medical evidence, we find that substantial evidence supports its determination that claimant established the requisite causal connection between his work-related injury and his subsequent consequential injury, and we decline to disturb it (see Matter of Wilson v Yonkers Raceway/Empire City, 126 AD3d 1260, 1261 [2015]; Matter of Malerba v Ameron Global, Inc., 117 AD3d 1302, 1303 [2014]).

We further find that, notwithstanding that the second surgery was not authorized, the award to claimant for workers' compensation benefits at the rate for a temporary total disability for the period after the reinjury is fully supported by the medical records of Landfried for that period, which consistently reflect that claimant suffered such a consequential disability. In addition, the record does not indicate that the carrier's September 12, 2012 denial of authorization for the second surgery was "based on a conflicting second [medical] opinion" (Workers' Compensation Law § 13-a [5]), as the carrier's consultant did not perform an independent medical exam until October 10, 2012.

Peters, P.J., Lahtinen, Garry and Mulvey, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court