Matter of Murrah v Jain Irrigation, Inc. (2018 NY Slip Op 00207)





Matter of Murrah v Jain Irrigation, Inc.


2018 NY Slip Op 00207


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

524328

[*1]In the Matter of the Claim of STEVEN MURRAH, Claimant,
v
JAIN IRRIGATION, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: November 14, 2017

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


Wolff, Goodrich & Goldman, LLP, Syracuse (Robert E. Geyer Jr. of counsel), for appellants.
Eric T. Schneiderman, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from an amended decision of the Workers' Compensation Board, filed April 6, 2016, which ruled, among other things, that claimant suffers from a causally-related injury and awarded workers' compensation benefits.
In 2010, while working for Jain Irrigation, Inc., claimant was found to have suffered a work-related injury to the rotator cuff in his right shoulder while lifting a heavy object, and he was awarded workers' compensation benefits. The rotator cuff was surgically repaired and he was thereafter found to have a 35%
loss of use of his right arm. In May 2014, claimant was working for a different employer when he jarred his right shoulder swinging a sledgehammer and felt pain radiating down his right arm. Following hearings on whether to amend the 2010 claim, a Workers' Compensation Law Judge found that claimant suffered from ulnar neuritis in the right arm with right cubital tunnel syndrome that was causally-related to the 2010 incident. On review, the Workers' Compensation Board, in an amended decision, modified the Workers' Compensation Law Judge's decision, finding that claimant had not established that ulnar neuritis was causally-related to the 2010 incident, but otherwise affirmed and amended the 2010 claim to include right cubital tunnel syndrome. Jain Irrigation and its workers' compensation carrier (hereinafter collectively referred [*2]to as the employer) now appeal.
We affirm. Initially, the employer argues, for the first time on appeal, that ulnar neuritis and cubital tunnel syndrome are, in fact, the same condition and, therefore, the Board could not find a lack of proof of ulnar neuritis and also amend the 2010 claim to include cubital tunnel syndrome. The employer did not raise this issue in the administrative proceedings and did not seek full Board review and/or reconsideration of the Board's decision. Accordingly, inasmuch as this issue was not put before the Board, it is not properly before us on appeal (see Matter of Xie v JP Morgan Chase, 150 AD3d 1360, 1362 [2017]; Matter of Liberius v New York City Health & Hosps. Corp., 129 AD3d 1170, 1171 [2015]). Although the employer requests that we take judicial notice of the fact that the two conditions are synonymous, there is evidence in the record that suggests that they are separate afflictions. In the report of Marco Berard, an orthopedic surgeon who examined claimant, he opined that "at this point we cannot differentiate from right ulnar neuritis and/or cubital tunnel syndrome" and that "[t]here is no evidence here that there is any other activity that will have caused right cubital tunnel syndrome or right ulnar neuritis." Further, orthopedic surgeon D. Peter Vaneenenaam, who performed the surgery on claimant's shoulder, diagnosed claimant as suffering from "[o]ngoing ulnar neuritis with cubital tunnel syndrome." Although the employer cites to two websites that indicate that the conditions are one and the same, this appears to conflict
with evidence in the record. Accordingly, we find that this issue is not "capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy" (People v Jones, 73 NY2d 427, 431 [1989] [internal quotation marks and citations omitted]; accord Hamilton v Miller, 23 NY3d 592, 603 [2014]) and, therefore, we decline the employer's request that we take judicial notice thereof.
Turning to the merits, "[t]he Board's determination will be upheld if supported by substantial record evidence" (Matter of Joyce v United Food & Commercial Workers Local 342-50, 307 AD2d 552, 553 [2003]; see Matter of Johnson v Adams & Assoc., 140 AD3d 1552, 1553 [2016]). The Board credited Berard's 2015 report that found that claimant's condition "is compatible for right cubital tunnel syndrome" and is causally related to the 2010 injury. Although the employer's medical expert opined that claimant suffers from ulnar neuritis that is causally related to the 2014 incident, according deference to the Board's resolution of conflicting medical evidence (see Matter of McKinney v United States Roofing Corp., 150 AD3d 1377, 1378 [2017]; Matter of Stange v Angelica Textile Servs., Inc., 139 AD3d 1294, 1296 [2016]), its determination to amend the 2010 claim to include right cubital tunnel syndrome is supported by substantial evidence and will not be disturbed.
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the amended decision is affirmed, without costs.