Matter of Barden v General Physicians PC (2021 NY Slip Op 05382)





Matter of Barden v General Physicians PC


2021 NY Slip Op 05382


Decided on October 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 7, 2021

533089
[*1]In the Matter of the Claim of Cindy L. Barden, Appellant,
v
General Physicians PC et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 8, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Dolce Firm, Buffalo (Holly L. Schoenborn of counsel), for appellant.
Williams & Williams, Buffalo (Jared L. Garlipp of counsel), for General Physicians PC and another, respondents.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed September 29, 2020, which disallowed claimant's request to amend her workers' compensation claim to include left shoulder aggravation.
On February 25, 2019, claimant, a patient services representative, was injured when she attempted to catch a patient who had fainted and was falling to the ground. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) notified the Workers' Compensation Board of claimant's injury and accepted liability for the claim of a work-related injury to claimant's right shoulder.[FN1] Based upon an October 25, 2019 medical narrative from claimant's treating physician diagnosing claimant with left shoulder pain, claimant thereafter sought, among other things, to amend her claim to also include consequential left shoulder aggravation. The carrier objected to the request to amend the claim. Following depositions and ensuing hearings regarding the request, a Workers' Compensation Law Judge amended the claim to include left shoulder aggravation. Upon administrative review, the Board, among other things, disallowed claimant's request to amend her workers' compensation claim to include left shoulder aggravation, finding that claimant failed to provide sufficient credible evidence showing that her left shoulder aggravation was causally related. Claimant appeals.
"A claimant bears the burden of establishing, by competent medical evidence, a causal relationship between an [alleged] injury and his or her employment" (Matter of Maldonado v Doria, Inc., 192 AD3d 1247, 1248 [2021] [internal quotation marks and citations omitted]; see Matter of Bland v Gellman, Brydges & Schroff, 151 AD3d 1484, 1487 [2017], lv dismissed and denied 30 NY3d 1035 [2017], cert denied ___ US ___, 139 S Ct 240 [2018]). "In reviewing a Board decision concerning the medical question of causality, we will look to the record to determine whether, read as a totality, it contains substantial and adequate opinion evidence to support the Board's finding" (Matter of Rossi v Albert Pearlman Inc., 188 AD3d 1362, 1363 [2020] [internal quotation marks and citations omitted]; see Matter of Gallo v Village of Bronxville Police Dept., 120 AD3d 849, 850 [2014]).
At the hearing, claimant testified that, prior to the February 2019 accident at work, she had not injured her left shoulder and did not receive treatment for any problems with that shoulder. She explained that, at the time of the accident, she "felt pain in both shoulders, but [her] right shoulder hurt more." Claimant testified that, due to the work-related injury to her right shoulder and the December 2019 surgery on that shoulder, she used her left arm more often, which produced more pain in her left shoulder. Consistent with claimant's narrative about the onset of pain in her left shoulder, Peter Shields, claimant's treating physician, testified that claimant first reported her left shoulder [*2]pain at an October 25, 2019 examination and that a subsequent MRI revealed that claimant sustained in her left shoulder, among other conditions, a cuff tear arthropathy and advanced degenerative arthritis. Shields further explained that, although claimant's left shoulder might have been aggravated by the strain that she put on it at the time of the accident, the pathology in claimant's left shoulder was preexisting, largely unrelated and not necessarily consequential to the injury of February 2019. Shields opined that the condition of claimant's left shoulder was independent of her work-related injury and that "[claimant] would have had symptoms and pain and dysfunction in her left shoulder completely independent of the injury in February 2019" and that those symptoms would have developed over time regardless of the work-related injury.
Daniel Wild, an orthopedic surgeon who conducted a February 13, 2020 medical examination of claimant on behalf of the carrier, testified that, during his examination of claimant, she did not complain about any injury to her left shoulder. Although Wild stated that Shield's observation that claimant's left shoulder condition was possibly consequential to her work-related injury was reasonable, Wild conceded that claimant's left shoulder was only a "side line consideration" during his examination and that he did not know what claimant's complaints were regarding her left shoulder. Finally, although Timothy McGrath, a physician who examined and treated claimant on February 27, 2020, found that claimant's left shoulder condition was causally related, his opinion was based upon inaccurate information obtained from claimant that she injured both shoulders at the time of the February 2019 accident. Given the foregoing and the fact that the Board was entitled to, as it did here, disregard and reject the medical opinions as incredible or insufficient (see Matter of Page v Liberty Cent. Sch. Dist., 188 AD3d 1373, 1377 [2020]; Matter of Rodriguez v Coca Cola, 178 AD3d 1184, 1186 [2019]), we discern no basis to disturb the Board's determination that claimant failed to provide sufficient medical evidence showing that she sustained a causally-related left shoulder aggravation (see Matter of Atkinson v Joseph Baldwin Constr., 43 AD3d 1240, 1242 [2007]; compare Matter of Stange v Angelica Textile Servs., Inc., 139 AD3d 1294, 1295-1296 [2016]). To the extent that claimant's remaining contentions are properly before us, they are either academic in light of our decision or have been considered and found to be without merit.
Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: In a January 2020 notice of decision, a Workers' Compensation Law Judge, among other things, formally established the claim for a work-related injury to the right shoulder.