Matter of Cush v Tully Constr. Co. Inc. (2023 NY Slip Op 02912)

Matter of Cush v Tully Constr. Co. Inc.

2023 NY Slip Op 02912

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

534595
[*1]In the Matter of the Claim of Daniel Cush, Claimant,
v
Tully Construction Co. Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:May 4, 2023

Before:Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Ceresia, JJ.

The Chartwell Law Offices, LLP, New York City (Mikhail Iokheles of counsel), for appellants.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for respondent.

Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed June 8, 2021, which, among other things, ruled that claimant aggravated a prior work-related neck injury and established the claim.
In 2000 and 2007, claimant, an iron worker, sustained work-related injuries, and his subsequent workers' compenstaion claims were ultimately established, respectively, for injuries to his back (WCB No. 00017049) and back and neck (WCB No. 00802371). Although claimant's injuries in the 2007 claim did not reach maximum medical improvement, he underwent cervical fusion surgery in 2011 and continues to receive monthly medical treatment for his back and neck injuries. In January 2020, claimant filed the instant claim for workers' compensation benefits alleging that he was injured at work on October 23, 2019 when he climbed across loose electrical conduits after exiting a lift and then slipped, which resulted in him sustaining a head injury as well as "extreme" neck and back pain. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, principally contending that the alleged aggravation of claimant's prior cervical condition was not causally-related to the October 2019 incident at work. Following an independent medical examination of claimant, deposition tesitmony and a hearing to obtain testimony from claimant, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, established the claim for an aggravation to the neck. The carrier sought administrative review of the WCLJ's decision and also applied for rehearing and/or reopening on the ground that newly obtained material evidence was available to demonstrate that claimant's alleged work-related injury is not causally-related. Upon review, the Workers' Compensation Board, in a June 2021 panel decision, affirmed the WCLJ's establishment of the claim and denied the carrier's application for rehearing and/or reopening. The Board also denied the carrier's subsequent application for reconsideration and/or full Board review. The carrier appeals from the Board's June 2021 panel decision.
We affirm. "[T]he Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Brennan v Village of Johnson City, 213 AD3d 1058, 1059 [3d Dept 2023] [internal quotation marks and citations omitted]). "In addition, as the party seeking benefits, claimant bears the burden of establishing, by competent medical evidence, a causal connection or relationship between [his] employment and the claimed disability" (Matter of Christensen-Mavrigiannakis v Nomura Sec. Intl., Inc., 175 AD3d 1748, 1752 [3d Dept 2019] [internal quotation marks, brackets and citations omitted]; see Matter of Barden v General Physicians PC, 198 AD3d 1060, 1061 [3d Dept 2021]; Matter of Bland v Gellman, Brydges & Schroff, 151 AD3d 1484[*2], 1487 [3d Dept 2017], lv dismissed & denied 30 NY3d 1035 [2017], cert denied ___ US ___, 139 S Ct 240 [2018]). Said differently, "the proper inquiry is whether claimant's employment acted upon a preexisting [work-related] condition in such a way as to cause a disability which did not previously exist" (Matter of Poulton v Martec Indus., 75 AD3d 819, 820 [3d Dept 2010] [internal quotation marks and citations omitted]).[FN1] "Where conflicting medical opinions are presented on the issue of causality, the Board is vested with the authority to resolve the conflicts and deference is accorded to its credibility determinations" (Matter of Turner v New York City Dept. of Juvenile Justice, 159 AD3d 1236, 1237 [3d Dept 2018] [citations omitted]).
Claimant testified that, after he sustained his injury at work on October 23, 2019, he reported the accident and injury later that day to his shop steward — the same person identified in claimant's C-3 form — and later to the president of his local union. Although claimant was able to finish his shift on the day of his injury, when he woke up the next day his condition had significantly deteriorated, prompting him to make an unscheduled visit to Chaim Mandelbaum, his treating physician. At that unscheduled visit, claimant reported to Mandelbaum that he had hit his head at work and that he woke up in an awkward position with a lot more pain than he had experienced the day prior.
In his April 2020 medical report, Mandelbaum indicated that, on October 23, 2019, claimant hit his head on a support bracket at work, causing head and neck pain, and that claimant was totally disabled as a result of the injury at work. Consistent with his report, Mandelbaum testified that claimant's aggravated neck injury was caused by the accident at work on October 23. His finding was based upon, among other things, claimant's history of the accident and increase in pain and worsening condition following the accident. Mandelbaum also reviewed diagnostic imaging studies of claimant's cervical spine from March 2018 and November 2019, which were "absolutely different" and revealed "more severe pathology on the subsequent MRI than the one two years earlier," which he attributed to the work-related injury in October 2019. Although claimant had a prior neck injury from 2007, for which Mandelbaum began treating claimant in 2011, claimant was "doing okay" and "was working at the time of the accident" but could not work afterwards. Mandelbaum explained that, although he did not document claimant's injury until his April 2020 medical report, he confirmed that claimant came into the office on October 24, 2019 presenting with an exacerbation of symptoms and severe pain which continued from that date forward. Mandelbaum also explained that, in April 2020, claimant provided a more complete narrative of the incident and received treatment specifically for the new neck injury as opposed to the prior work-related injury from 2007.
Similarly, Andrew Merola[*3], an orthopedic reconstructive spinal surgeon who examined claimant's neck and back in June 2020 and reviewed imaging studies of claimant's spine, also found that claimant had sustained an aggravation and an activation of a cervical condition as a result of the October 23, 2019 accident at work. His conclusion was based upon, among other things, claimant's history, his examination of claimant and the diagnostic imaging studies which revealed a superimposed herniation stemming from a "traumatic issue." Although there was medical testimony that could support a finding that the aggravation to claimant's preexisting neck injury was not causally-related, it was within the Board's province to assess the credibility of the testimony from claimant and the treating physicians, and it was free to reject any portion of that testimony (see Matter of Ellis v First Student, Inc., 174 AD3d 1243, 1244 [3d Dept 2019]; compare Matter of Bufearon v City of Rochester Bur. of Empl. Relations, 167 AD3d 1391, 1393-1394 [3d Dept 2018]; Matter of Poulton v Martec Indus., 75 AD3d at 821). Accordingly, we find that substantial evidence supports the Board's determination to establish the claim involving an aggravation to the neck.
Turning to the Board's denial of the carrier's application for rehearing and/or reopening, such application must indicate, as relevant here, that "certain material evidence not available for presentation before the [B]oard at the time of hearing is now available" (12 NYCRR 300.14 [a] [1]; see Matter of Mitchell v Wastequip, Inc., 203 AD3d 1288, 1290 [3d Dept 2022], lv dismissed 39 NY3d 971 [2022]; see also Workers' Compensation Law § 123). An "application must be made within a reasonable time after the applicant has had knowledge of the facts constituting the grounds upon which such application is made" (12 NYCRR 300.14 [b]; see e.g. Matter of Chen v Five Star Travel of NY Inc., 150 AD3d 1505, 1506 [3d Dept 2017]; Matter of Gillard v Consolidated Edison of N.Y., Inc., 115 AD3d 1121, 1122 [3d Dept 2014]). An application based upon allegations of newly discovered evidence "must be substantiated by supporting affidavits" (12 NYCRR 300.14 [b]). "This Court's review of the Board's decision to rehear or reopen a claim is limited to whether there was an abuse of discretion" (Matter of Mitchell v Wastequip, Inc., 203 AD3d at 1291 [citation omitted]; see Matter of Mejia v Drake Group, LLC, 123 AD3d 1361, 1362 [3d Dept 2014]).
In support of its application, the carrier submitted documentation from claimant's union, including a December 2019 Notice and Proof of Claim for Disability Benefits and related documentation, all of which the carrier was unaware of until the October 2020 hearing, at which time claimant testified that he had applied for Social Security benefits. The carrier contended in its supporting affidavit that claimant's application for Social Security benefits reflects that both claimant and Mandelbaum indicated therein that claimant's disability[*4], beginning on October 23, 2019, was not work related and that such representation is contrary to their testimony and serves as evidence that claimant's aggravation to his neck is not causally-related. These submissions, however, do not present any newly discovered evidence that would warrant rehearing and/or reopening the claim. Given claimant's testimony at the hearing about retiring and applying for Social Security disability benefits, the WCLJ was already aware of this information and was able to consider it in rendering a decision. Moreover, the indications in the application that claimant's disability was not work related are of little import as, at the time that claimant submitted his disability benefits application, neither a claim for workers' compensation benefits, nor a C-4 (Doctor's Initial Report) had been filed. Furthermore, Mandelbaum explained in his testimony that he purposefully did not document claimant's aggravation to the neck injury until April 2020 because he was initially unsure of the injury's etymology and concerned that treatment for claimant's 2007 established injury could be denied if he attempted to treat a new unestablished injury during the same visit. After reviewing the foregoing submissions proffered in support of the carrier's application, we find no abuse of discretion in the Board's determination to deny its request for rehearing and/or reopening of the claim (see 12 NYCRR 300.14 [a], [b]; Matter of Mitchell v Wastequip, Inc., 203 AD3d at 1291).
Garry, P.J., Egan Jr., Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: We have previously recognized that, particularly with cervical injuries, "there is the ever-present danger of recurrence and the question [for the Board to resolve] then arises as to whether the subsequent incident was a new accident, an aggravation or an incident associated with the primary injury" (Matter of Maricle v Crouse Hinds, 67 AD3d 1284, 1284 [3d Dept 2009] [internal quotation marks, ellipsis and citation omitted]).