*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 18, 2014                518267
_____

In the Matter of the Claim of
    ROSEMARIE POVERELLI,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER
NABISCO/KRAFT COMPANY et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  October 10, 2014

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Law Office of Joseph A. Romano, Yonkers (Anthony Brooks-Morgese of counsel), for appellant.

        Cherry, Edson & Kelly, LLP, Tarrytown (James U. Cavanagh of counsel), for Nabisco/Kraft Company and another, respondents.

_____

Egan Jr., J.

        Appeal from a decision of the Workers' Compensation Board, filed April 12, 2013, which, among other things, ruled that claimant did not sustain causally related consequential injuries.

        Claimant sustained a compensable injury to her lower back while working for the employer in 1986 and thereafter was awarded workers' compensation benefits.  According to claimant, her back injury periodically produced radiating pain through her lower extremities and, in 2008, she began experiencing pain in both knees.  As a result, claimant asserted a consequential bilateral

knee injury arising from her established back injury.  Following
a hearing, a Workers' Compensation Law Judge found that there was
insufficient medical evidence to establish that claimant's knee
pain was consequentially related to her compensable back injury.
Upon review, the Workers' Compensation Board affirmed and,
further, assessed a penalty against claimant's attorney for
seeking review without reasonable grounds.  This appeal by
claimant ensued.

We affirm.  "A claimant bears the burden of establishing,
by competent medical evidence, a causal relationship between an
injury and his or her employment" (Matter of Cronk v Lyndaker
Excavating & Trucking, 57 AD3d 1204, 1204 [2008] [citations
omitted]; see Matter of Bland v Gellman, Brydges & Schroff, 100
AD3d 1289, 1291 [2012], lv dismissed 20 NY3d 1055 [2013]; Matter
of Jaquin v Community Covenant Church, 69 AD3d 998, 999 [2010]).
In this regard, "[w]hether a subsequent disability arose
consequentially from an existing compensable injury is a factual
question for resolution by the Board, and its determination will
not be disturbed when supported by substantial evidence" (Matter
of Bailey v Ben Ciccone, Inc., 104 AD3d 1017, 1017 [2013]; accord
Matter of Goldstein v Prudential, 117 AD3d 1368, 1369 [2014]).

Although the resolution of conflicting medical opinions is
a matter committed to the Board's sound discretion (see Matter of
Connolly v Hubert's Serv., Inc., 96 AD3d 1115, 1116 [2012]), the
record before us presents no such conflict; rather, claimant's
proof simply fails to establish a causal connection between her
compensable back injury and her bilateral knee pain.  In this
regard, claimant's treating physician, Neil Roth, candidly
testified that it would be "very hard . . . to speculate" as to
whether claimant's bilateral knee pain was causally related to
her prior work-related accident.  Roth further testified that
claimant's back and knee complaints were "independent issues,"
noting that claimant's "symptoms were predominantly mechanical
knee symptoms that [would not] necessarily correlate causally to
a low back injury."  Indeed, when asked to express an opinion on
this point, Roth stated only that there was "a possibility" that
claimant's compensable back injury and subsequent knee complaints
were causally related.  Claimant also underwent an independent
medical examination by an orthopedic surgeon, who opined that

claimant suffered from "[b]ilateral degenerative disease of both knees" — a condition that "took many years to develop" and was not causally related to claimant's prior compensable injury.  In light of such testimony, the Board's finding of no causal relationship is supported by substantial evidence (see Matter of Dizenzo v Henderson & Johnson, 114 AD3d 1014, 1014 [2014]) — as is its decision to impose a monetary penalty upon claimant's counsel for pursuing Board review "without reasonable grounds" (Workers' Compensation Law § 114-a [3] [ii]).

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court