*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016          521866
_____

In the Matter of the Claim of
   JENNIFER KRYSINSKI,
                    Respondent,

     v

NESCO RESOURCE/ETS STAFFING          MEMORANDUM AND ORDER
   et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  June 1, 2016

Before:  Peters, P.J., Garry, Rose, Mulvey and Aarons, JJ.

_____

        Buckner & Kourofsky, LLP, Rochester (Jacklyn M. Penna of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.

_____

Aarons, J.

        Appeal from a decision of the Workers' Compensation Board, filed December 24, 2014, which ruled that claimant sustained a work-related injury and awarded her workers' compensation benefits.

        Claimant, who worked in a production manufacturing facility, sustained a sprained left knee on November 27, 2013 when her knee "gave out" while walking across a room between work

stations.  Claimant sought medical treatment and returned to work with restrictions.  She subsequently applied for workers' compensation benefits, which the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) controverted.  Following a hearing, the Workers' Compensation Board found that claimant had sustained a work-related injury and awarded her benefits.  This appeal by the employer ensued.

We affirm.  "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Zobel v Chemung County, 136 AD3d 1140, 1140 [2016] [internal quotation marks and citation omitted], lv denied 27 NY3d 907 [2016]).  Further, "[u]nexplained or unwitnessed accidents which occur in the course of employment are presumed, pursuant to Workers' Compensation Law § 21 (1), to arise out of such employment" (Matter of Hill-Chapman v Earlybird Delivery Sys., 130 AD3d 1223, 1223 [2015] [internal quotation marks and citation omitted]).  The employer may rebut this presumption by submitting substantial evidence to the contrary (see Matter of Zobel v Chemung County, 136 AD3d at 1140-1141).

Although the employer does not dispute that claimant's injury occurred in the course of her employment, it contends that the injury is not compensable because it was not associated with any specific job duties and occurred only when claimant was carrying a piece of paper.  However, claimant, who testified that she had no prior injuries to or problems with her left knee, recounted that her job duties included filling work orders that required being on her feet about half of the day and frequently getting up and down.  She was also required to climb ladders and lift boxes weighing up to 50 pounds.  She testified that she had performed all of these tasks and carried six boxes the morning of her injury.  Her treating physician testified that a sprain like the one she sustained can occur "without a specific precipitant" and by "simply walking," and that her daily work activities could have contributed to muscle weakness and fatigue in her knee leading to her sprain.  The employer's orthopedist, who reviewed claimant's medical records and examined her after she had clinically improved, was likewise unable to provide a specific

cause for the sprain.  Neither physician attributed claimant's injury to non-work-related factors and, thus, its direct cause was unexplained.  According deference to the Board's decision to credit claimant's account, we find that the employer failed to rebut the presumption that her injury arose out of her employment with any compelling evidence and conclude that substantial evidence supports its determination that her injury resulted from a workplace accident (see Matter of Zobel v Chemung County, 136 AD3d at 1141).  The employer's remaining claims similarly lack merit.

Peters, P.J., Garry, Rose and Mulvey, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court