*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 9, 2017                    523071
_____

In the Matter of the Claim of
    SACAJAWEA WHITE,
                    Respondent,

        v
                                        MEMORANDUM AND ORDER
BETHANY HOUSE et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  January 10, 2017

Before:  Garry, J.P., Rose, Devine, Clark and Mulvey, JJ.


                    _____


        Law Office of Melissa A. Day, PLLC, Amherst (Megan B.
Szeliga of counsel), for appellants.

        Meggesto, Crossett & Valerino, LLP, Syracuse (Bethany L.
Nicoletti of counsel), for Sacajawea White, respondent.


                    _____


Clark, J.

        Appeals (1) from a decision of the Workers' Compensation
Board, filed September 2, 2015, which ruled, among other things,
that claimant sustained a compensable injury and awarded workers'
compensation benefits, and (2) from a decision of said Board,
filed December 31, 2015, which denied a request by the employer
and its workers' compensation carrier for reconsideration and/or
full Board review.

        Claimant, a certified nurse assistant, injured her left
shoulder lifting a patient in August 2010 and has an established

claim for that injury. Claimant had three surgeries on her left shoulder between 2011 and 2012 and, due to ongoing pain and limitations, has not returned to work and has been paid compensation at a temporary partial disability rate. Claimant later developed pain in her right shoulder for which she sought treatment in 2013 and she applied to amend her workers' compensation claim to include a right shoulder consequential injury, contending that her right shoulder problems arose as a result of her established work-related left shoulder injury. Following submission of medical evidence and testimony, a Workers' Compensation Law Judge concluded that claimant had sustained a consequential injury to her right shoulder, and, on the appeal by the employer and its carrier (hereinafter referred to as the carrier), the Workers' Compensation Board affirmed. The carrier's subsequent request for reconsideration and/or full Board review was denied, and this appeal ensued.

Whether claimant's injury to her right shoulder and resulting disability consequentially arose from injuries that she sustained in the work-related accident was a factual issue for the Board to resolve, and its determination will not be disturbed provided that it is supported by substantial evidence (see Matter of Stange v Angelica Textile Servs., Inc., 139 AD3d 1294, 1295 [2016]; Matter of Poverelli v Nabisco/Kraft Co., 123 AD3d 1309, 1310 [2014]). It was claimant's burden to establish, by competent medical evidence, that there was a causal relationship between her right shoulder injury and her established work-related injury to her left shoulder (see Matter of Poverelli v Nabisco/Kraft Co., 123 AD3d at 1310; Matter of Bailey v Ben Ciccone, Inc., 104 AD3d 1017, 1017 [2013]). "Where medical proof is relied upon to demonstrate the existence of a causal relationship, it must signify a probability of the underlying cause that is supported by a rational basis and not be based upon a general expression of possibility" (Matter of Granville v Town of Hamburg, 136 AD3d 1254, 1255 [2016] [internal quotation marks, brackets and citation omitted]; see Matter of Benjamin v Sprint/Nextel, 67 AD3d 1277, 1278 [2009]).

The carrier argues that claimant failed to submit competent medical evidence establishing a causal nexus between her right

shoulder injury and her established, work-related left shoulder injury. We disagree. Among other evidence, claimant submitted the medical report of pain management specialist Mary Trusilo, who stated that, upon examining claimant's right shoulder, she detected a limited range of motion that increased claimant's pain, tenderness upon palpation and "extreme muscle tension on the right [trapezius] muscle." Based upon her examination and claimant's medical history regarding her left shoulder injury, Trusilo concluded that, "due to years of compensating with the right shoulder," there was a causal relationship between claimant's left shoulder injury and her subsequent right shoulder injury. While Daniel Carr, the orthopedist who examined claimant on behalf of the carrier, found no causal connection, he relied upon the unsupported supposition that, because she had not worked since sustaining her left shoulder injury, claimant was only engaged in limited daily activities that did not involve lifting and, therefore, her shoulders were not being over burdened. In addition, Carr acknowledged that activities requiring two hands would compel claimant to use her right arm more to compensate for her left shoulder, and that he could not know the precise nature of claimant's daily activities. As such, Carr's testimony was speculative in this regard and the Board was free to reject Carr's conclusions as unconvincing (see Matter of Donato v Taconic Corr. Facility, 143 AD3d 1028, 1030 [2016]).

Claimant submitted competent, nonspeculative medical evidence as to the causal connection between her left and right shoulder injuries, which the Board was free to credit over the carrier's conflicting evidence (see Matter of Granville v Town of Hamburg, 136 AD3d at 1256; Matter of Poverelli v Nabisco/Kraft Co., 123 AD3d at 1310; Matter of Maye v Alton Mfg., Inc., 90 AD3d 1177, 1177 [2011]). Thus, according appropriate deference to the Board's resolution of the conflicting medical evidence, we find that substantial evidence supports its determination that claimant established the requisite causal connection and, accordingly, we will not disturb it (see Matter of Stange v Angelica Textile Servs., Inc., 139 AD3d at 1296; Matter of Granville v Town of Hamburg, 136 AD3d at 1255-1256). The carrier's remaining claims, including those addressed to the denial of its application for reconsideration and/or full Board

review, have been examined and determined to lack merit.

Garry, J.P., Rose, Devine and Mulvey, JJ., concur.


ORDERED that the decisions are affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court