In the Matter of the Claim of MARY ANN RICHARDS, Appellant, v MASSENA CENTRAL SCHOOLS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [52 NYS3d 741]—

McCarthy, J.P. Appeal from a decision of the Workers' Compensation Board filed August 7, 2015, which ruled that claimant did not sustain a consequential causally related neurological injury and denied her claim for further workers' compensation benefits.

In March 2010, claimant, a cleaner for the employer, sustained injuries to her neck while lifting heavy chairs so that she could clean a classroom floor. Her subsequent claim for workers' compensation benefits was established, and workers' compensation benefits were awarded. As a result of her injuries, claimant underwent cervical surgery in December 2010 for her neck and ultimately returned to full-duty work in February 2011. In June 2013, claimant sought to amend the claim to include consequential neurological injuries, including scapulothoracic crepitation and/or mandibular dysesthesia. Finding that claimant failed to meet her burden of establishing that the additional medical conditions were causally related to the underlying work-related injury, a Workers' Compensation

---

Law Judge denied claimant's request to amend the claim to include consequential scapulothoracic crepitation and/or mandibular dysesthesia. Upon administrative review, the Workers' Compensation Board upheld that determination. Claimant now appeals.

We affirm. Whether claimant's reported neurological conditions were consequential injuries that arose from injuries that she sustained from the work-related accident and surgery is a factual question for the Board to resolve, and its determination in that regard will not be disturbed provided that it is supported by substantial evidence (see Matter of White v House, 147 AD3d 1173, 1173 [2017]; Matter of Johnson v Adams & Assoc., 140 AD3d 1552, 1553 [2016]; Matter of Stange v Angelica Textile Servs., Inc., 139 AD3d 1294, 1295 [2016]; Matter of Wallace v Oswego Wire, Inc., 29 AD3d 1057, 1058 [2006]). Claimant bears the burden of demonstrating, by competent medical evidence, the causal relationship between her established work-related injury and the alleged consequential injury, and such evidence must "signify a probability of the underlying cause that is supported by a rational basis and [must] not be based upon a general expression of possibility" (Matter of White v House, 147 AD3d at 1174 [internal quotation marks omitted]).

Contrary to claimant's contention, the record evidence fails to substantiate her claim that the Board erred in finding that her consequential injury and symptoms were not casually related to either her March 2010 work-related injury or December 2010 surgery. Martin Krag, claimant's attending physician specializing in orthopedic and spinal surgery, opined that, based upon his examination of claimant and review of her medical history, he was unsure of the etiology of claimant's symptoms and that there was no objective evidence of nerve damage arising from her December 2010 surgery. Similarly, Melissa Ko, a neurologist who examined claimant, testified that claimant's symptoms could not be attributed to claimant's surgery and that her history of migraines could be the cause although Ko could not attach a diagnosis to claimant's symptomatology. Nakhil Thakur, an orthopedic surgeon who examined claimant, also reported that claimant's symptoms were "confusing" and that they were not coming from her cervical or thoracic spine. Consistent with Thakur's findings, Joshua Pletka, another orthopedic surgeon who examined claimant and reviewed a portion of her medical history, similarly opined that, although it was possible that claimant's symptoms resulted from her surgery, the etiology was still unknown, and

he had no explanation for her "worsening numbness" and symptoms.

Marco Berard, a physician who conducted an independent medical examination of claimant and reviewed her medical history, reported and testified that claimant's "left scapula winging/dyskinesia and the left upper extremity dysesthesia cannot be explained with any special anatomical relation" and that these conditions were not caused by claimant's March 2010 injury and subsequent surgery. Charles Argoff, a neurologist who conducted an independent specialist examination of claimant, opined that while it was anatomically possible that claimant's consequential injury resulted from her work-related injury and surgery, the only connection between her consequential injury and her surgery was temporal inasmuch as claimant's injuries were not documented until after the surgery. Based upon our review of the record as a whole, including the foregoing medical evidence, we discern no basis to disturb the Board's determination that claimant failed to demonstrate, by competent medical evidence, a causal relationship between her established work-related injury and her consequential injury and therefore find the Board's decision to be supported by substantial evidence (*see Matter of Donato v Taconic Corr. Facility*, 143 AD3d 1028, 1029-1030 [2016]; *compare Matter of White v House*, 147 AD3d at 1175). Claimant's remaining contentions, to the extent that they are properly before us, have been considered and found to be without merit.

Garry, Egan Jr., Rose and Mulvey, JJ., concur. Ordered that the decision is affirmed, without costs.