In the Matter of the Claim of CHERRI CAMPITO, Appellant, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [60 NYS3d 574]—

Lynch, J. Appeal from a decision of the Workers' Compensation Board, filed October 5, 2015, which ruled that claimant did not sustain a consequential injury to her right shoulder and denied her claim for further workers' compensation benefits.

In 2008, claimant sustained a compensable injury to her neck, left elbow and upper back following a fall at work. In 2011, claimant was awarded a 45% schedule loss of use of her left arm. Thereafter, claimant sought to amend the claim to include a consequential right shoulder injury due to the overuse of the right arm as a result of the established left arm injury. Following hearings, the Workers' Compensation Law Judge

found that claimant did not submit competent medical evidence establishing a consequential right shoulder injury and disallowed the claim. The Workers' Compensation Board affirmed that decision. Claimant appeals.

We affirm. "Whether a subsequent disability arose consequentially from an existing compensable injury is a factual question for resolution by the Board, and its determination will not be disturbed when supported by substantial evidence" (*Matter of Bailey v Ben Ciccone, Inc.*, 104 AD3d 1017, 1017 [2013]). A claimant bears the burden of establishing, by competent medical evidence, a causal relationship between a subsequent disability and the established work-related injury (*see Matter of White v House*, 147 AD3d 1173, 1173-1174 [2017]; *Matter of Poverelli v Nabisco/Kraft Co.*, 123 AD3d 1309, 1310 [2014]).

Here, James McGowan, an orthopedist who reviewed claimant's medical records, obtained a history of the established accident and conducted an independent medical examination of claimant, opined that the pain and loss of motion in claimant's right shoulder was not consequentially related to the established accident. Rather, McGowan diagnosed claimant with, among other things, adhesive capsulitis associated with her long-standing diabetic condition. Furthermore, claimant's medical records reflect that, as early as 2008, she reported chronic, right upper extremity symptoms to her treating physician as a result of an electrical injury, that she had decreased strength in her right arm and that the right arm had an "obvious apparent disability." Contrary to claimant's contention, we are unpersuaded that such medical notations were mischaracterized or misinterpreted by the Board. In contrast, the Board found the medical opinion of claimant's treating physician to be inconsistent with his medical reports and, given that he did not thoroughly review claimant's medical records or obtain an accurate history from claimant, such opinion was deemed not credible. To the extent that claimant asserts that the opinion of her treating physician should have been credited, "[t]he resolution of conflicting medical opinions, particularly with regard to the issue of causation, is within the exclusive province of the Board" (*Matter of Bailey v Ben Ciccone, Inc.*, 104 AD3d at 1017-1018). As substantial evidence supports the Board's finding that there was not a consequential right shoulder injury, it will not be disturbed (*see Matter of Johnson v Adams & Assoc.*, 140 AD3d 1552, 1553 [2016]).

McCarthy, J.P., Egan Jr., Rose and Mulvey, JJ., concur. Ordered that the decision is affirmed, without costs.