Matter of Dupont v Quality Distrib., Inc. (2018 NY Slip Op 01109)





Matter of Dupont v Quality Distrib., Inc.


2018 NY Slip Op 01109


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

525288

[*1]In the Matter of the Claim of LAWRENCE DUPONT, Respondent,
v
QUALITY DISTRIBUTION, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: January 9, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Habberfield Kaszycki, LLP, Buffalo (Melissa Habberfield of counsel), for appellants.
Silverman, Silverman, Seligman, PC, Schenectady (James E. Duffy of counsel), for Lawrence Dupont, respondent.
Eric T. Schneiderman, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board,
filed October 5, 2016, which ruled that claimant sustained certain causally-related injuries and continued his case for further development of the record.
Claimant, a hazardous materials truck driver, filed a claim
for workers' compensation benefits contending that he had sustained work-related injuries to his low back and neck on November 23, 2015 while he was transporting a liquid chemical load in a hollow-bore trailer [FN1]. According to claimant, as he was traveling on an interstate highway, a [*2]passenger vehicle cut him off, causing him to apply the foot brake on the truck and the trolley brake for the trailer and decelerate approximately 5 to 10 miles per hour; as he did so, the liquid in the trailer surged forward, knocking claimant "forward and then back into [his] seat." The offending passenger vehicle then moved into another lane, and claimant released the brakes and continued on his journey. At the time of the incident, which lasted less than one second, claimant felt "a pop" in his neck and thereafter experienced "a little snapping" when he turned his head. Claimant reported the incident to the employer's operations manager one week later — following the intervening Thanksgiving holiday — and sought medical treatment on his last day of work — December 6, 2015.
In response to claimant's reports of injury, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) filed a prehearing conference statement controverting the claim — citing, among other things, vehicle log records believed to be inconsistent with claimant's account of the incident. Claimant filed a claim for workers' compensation benefits in March 2016. Following a hearing, an independent medical examination and the deposition of claimant's treating physician, a Workers' Compensation Law Judge disallowed the claim — discrediting claimant's account of the incident and finding insufficient medical evidence of causally-related injuries. The Workers' Compensation Board disagreed — finding that claimant sustained causally-related injuries to his low back and neck as a result of the November 2015 incident and restored the case to the trial calendar for further development of the record as to the issues of average weekly wage and causally-related lost time. This appeal by the carrier ensued.
We affirm. "A claimant bears the burden of establishing, by competent medical evidence, a causal relationship between an injury and his or her employment" (Matter of Poverelli v Nabisco/Kraft Co., 123 AD3d 1309, 1310 [2014] [internal quotation marks and citations omitted]; see Matter of Qualls v Bronx Dist. Attorney's Off., 146 AD3d 1213, 1214 [2017], lv denied 29 NY3d 906 [2017]; Matter of Granville v Town of Hamburg, 136 AD3d 1254, 1255 [2016]). "Where medical proof is relied upon to demonstrate the existence of a causal relationship, it must signify a probability of the underlying cause that is supported by a rational basis and not be based upon a general expression of possibility" (Matter of White v House, 147 AD3d 1173, 1174 [2017] [internal quotation marks and citations omitted]; see Matter of Richards v Massena Cent. Schs., 150 AD3d 1349, 1350 [2017]; Matter of Hansen v Saks Fifth Ave., 145 AD3d 1257, 1257 [2016]).
Although the carrier argues — and the Workers' Compensation Law Judge found — that claimant's account of the incident was inconsistent with the log generated by the truck's onboard computer software, we disagree. Claimant testified at the hearing that, when he applied the brakes, the truck/trailer decelerated approximately 5 to 10 miles per hour, and one of the employer's representatives, who was familiar with the software utilized by the truck's onboard computer, testified that the software would register a "sudden stop" only if a deceleration threshold of "nine miles per hour in a second" was met. As the employer's representative candidly acknowledged, whether a sudden stop would be recorded by the computer "would depend on how quickly [claimant] decelerated. If he slowly decelerated five miles per hour[,] that would not have been caught, but if it was a quick deceleration of nine miles per hour per second, that would have been recorded." In light of such testimony, the absence of a recorded event, i.e., a sudden stop, on the truck's computer does not give rise to an inconsistency between claimant's account of the incident and the documentary evidence, and the Board, as "the sole arbiter of witness credibility," was entitled to credit claimant's account of the injury-producing event (Matter of Harrison v Town of Cheektowaga, 155 AD3d 1286, 1288 [2017] [internal quotation marks and citation omitted]; see Matter of Krysinski v Nesco Resource/ETS Staffing, [*3]140 AD3d 1569, 1570 [2016]).
As to the medical proof adduced, even the physician who performed the independent medical examination of claimant was of the view that, notwithstanding claimant's three prior back surgeries, the injuries to claimant's neck and low back were causally-related to the November 2015 incident. This opinion, in turn, was entirely consistent with the history provided to and the diagnoses made by claimant's treating physician. Under these circumstances, the Board's finding that claimant sustained causally-related injuries to his neck and low back is supported by substantial evidence in the record as a whole and, therefore, will not be disturbed (see Matter of Brown v Penguin A.C., 113 AD3d 1009, 1009 [2014]; Matter of Mallette v Flattery's, 111 AD3d 989, 990 [2013]). The carrier's remaining arguments have been examined and found to be lacking in merit.
Garry, P.J., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant described a hollow-bore trailer as "an open cylinder container with no baffles or stops to keep the material from sloshing side to side or back and forth with speed changes or direction[al] changes."