Matter of Smith v Rochester-Genesee Regional Transp. Auth. (2019 NY Slip Op 05830)





Matter of Smith v Rochester-Genesee Regional Transp. Auth.


2019 NY Slip Op 05830


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527925

[*1]In the Matter of the Claim of GEORGE I. SMITH, Appellant,
v
ROCHESTER-GENESEE REGIONAL TRANSPORTATION AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 31, 2019

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ.


Segar & Sciortino PLLC, Rochester (Stephen A. Segar of counsel), for appellant.
Hamberger & Weiss, Rochester (Stephen P. Wyder Jr. of counsel), for Rochester-Genesee Regional Transportation Authority, respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a decision of the Workers' Compensation Board, filed November 15, 2017, which ruled, among other things, that claimant did not sustain a consequential causally-related injury to his lower back and that claimant violated Workers' Compensation Law § 114-a.
In February 2012, claimant, a tire technician, sustained work-related injuries, and his subsequent claim for workers' compensation benefits was established for an injury to his right foot and a consequential injury to his left knee, and he was awarded benefits. In November 2013, claimant sought to amend his established claim to include a consequential injury to his lower back, and a Workers' Compensation Law Judge (hereinafter the WCLJ) directed further development of the record in regard thereto. Hearings ensued on this issue, and, during the course of those proceedings, the self-insured employer alleged that claimant violated Workers' Compensation Law § 114-a by failing to disclose his true and complete medical history regarding, and the treatment that he received for, a lower back injury that he sustained in a 2000 motor vehicle accident. Following additional hearings, the WCLJ ultimately found, as relevant here, that claimant failed to meet his burden of establishing that his lower back injury was causally related to the underlying work-related injuries and denied claimant's request to amend the claim to include his consequential lower back injury. The WCLJ further ruled that, by fraudulently representing his prior lower back injury and the treatment that he received for that injury to the self-insured employer to his medical providers and during his testimony, claimant violated Workers' Compensation Law § 114-a. Imposing both mandatory and discretionary penalties, the WCLJ rescinded indemnity benefits and disqualified claimant from receiving future indemnity benefits. Upon administrative review, the Workers' Compensation Board, [*2]among other things, adopted the findings of the WCLJ and affirmed. Claimant appeals, and we affirm.
We first address claimant's contention that the record does not contain substantial evidence to support the Board's finding that claimant did not sustain a consequential causally-related injury to his lower back. "Claimant bears the burden of demonstrating, by competent medical evidence, the causal relationship between [his] established work-related injury and the alleged consequential injury, and such evidence must signify a probability of the underlying cause that is supported by a rational basis and must not be based upon a general expression of possibility" (Matter of Richards v Massena Cent. Schs., 150 AD3d 1349, 1350 [2017] [internal quotation marks, brackets and citations omitted]; see Matter of Campito v New York State Dept. of Taxation & Fin., 153 AD3d 1063, 1064 [2017]; Matter of Bland v Gellman, Brydges & Schroff, 151 AD3d 1484, 1487 [2017], lv dismissed and denied 30 NY3d 1035 [2017]). In this regard, whether claimant's lower back injury arose consequentially from his injuries that he sustained in the 2012 work-related accident was a factual issue for the Board to resolve, and its determination will not be disturbed so long as it is supported by substantial evidence (see Matter of Molette v New York City Tr. Auth., 166 AD3d 1278, 1278 [2018]; Matter of Campito v New York State Dept. of Taxation & Fin., 153 AD3d at 1064; Matter of White v House, 147 AD3d 1173, 1173 [2017]). "Moreover, the Board has the exclusive province to resolve conflicting medical opinions" (Matter of Molette v New York City Tr. Auth., 166 AD3d at 1278 [citation omitted]; see Matter of Campito v New York State Dept. of Taxation & Fin., 153 AD3d at 1064; Matter of Poverelli v Nabisco/Kraft Co., 123 AD3d 1309, 1310 [2014]).
Claimant testified that, prior to the February 2012 work-related injury, he previously injured his lower back in a motor vehicle accident in 2000. Claimant stated that, as a result of the "severe pain" that he experienced after the 2000 accident, he received medical treatment from his physician, a chiropractor and a physical therapist, and he continued to receive treatment for his lower back until 2003. Claimant further indicated that, up until the February 2012 work-related injury, he continued to occasionally experience lower back pain. Although claimant attributes his alleged consequential lower back pain to his altered gait that resulted from wearing a fracture boot following foot surgery, Anthony Leone, an independent medical examiner who reviewed claimant's medical history and performed an independent orthopedic evaluation of claimant in December 2013, reported that claimant's lumbar spine degenerative changes were not related to the February 2012 injury. Andre Lefebvre, a physician who, in June 2013, also performed an independent medical examination of claimant, similarly concluded that claimant's chronic lower back pain was unrelated to the February 2012 injury.
Clifford Ameduri, a physician who provided treatment to claimant following his work-related accident on several occasions from 2012 to 2014, testified that he reviewed MRI results of claimant's lower back, which revealed, among other things, degenerative disc disease at multiple levels that developed over time. Although Ameduri found claimant's lower back condition to be consequential and attributable to his heavily-altered gait that he experienced following his causally-related foot surgery, he conceded in his testimony that his opinion as to causation was based upon the medical history provided to him by claimant, which did not include any diagnostic work-ups or treatment that claimant received prior to 2012 for his previous back injury. Ameduri acknowledged that such information would be relevant to the question of whether claimant's lower back condition was consequential to his February 2012 work-related accident. In light of Ameduri's testimony that he was not aware of claimant's prior back injury and treatment, the Board was free to reject as unconvincing Ameduri's conclusions as to causation, given that they were based upon an incomplete and inaccurate medical history, and entitled to credit the competing opinions offered by the self-insured employer's medical experts (see Matter of White v House, 147 AD3d at 1174; Matter of Donato v Taconic Corr. Facility, 143 AD3d 1028, 1030 [2016]). Accordingly, based upon the foregoing evidence, as well as our review of the record as a whole, we discern no basis to disturb the Board's determination that claimant failed to demonstrate, by competent medical evidence, a causal relationship between his established work-related injury and his alleged consequential lower back condition (see Matter of [*3]Richards v Massena Cent. Schs., 150 AD3d at 1350-1351; Matter of Poverelli v Nabisco/Kraft Co., 123 AD3d at 1310; Matter of Trickel v Judski Assoc., 247 AD2d 778, 778 [1998]).
Claimant also argues that the record does not contain substantial evidence to support the Board's findings with regard to Workers' Compensation Law § 114-a. We disagree. Workers' Compensation Law § 114-a (1) provides that a claimant who, for the purpose of obtaining disability compensation, or to influence any determination related to the payment thereof, "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (see Matter of Persons v Halmar Intl., LLC, 171 AD3d 1317, 1317 [2019]; Matter of Papadakis v Fresh Meadow Power NE LLC, 167 AD3d 1286, 1287 [2018]). For purposes of Workers' Compensation Law § 114-a (1), a fact is material "so long as it is significant or essential to the issue or matter at hand" (Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003] [internal quotation marks and citation omitted]), and, in addition, "an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Kodra v Mondelez Intl., Inc., 145 AD3d 1131, 1133 [2016]; see Matter of Jordan v Saratoga County Pub. Health Nurses, 45 AD3d 1074, 1075 [2007]). "Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Vazquez v Skuffy Auto Body Shop, 168 AD3d 1240, 1241 [2019] [internal quotation marks and citations omitted]; see Matter of Papadakis v Fresh Meadow Power NE LLC, 167 AD3d at 1287; Matter of Santangelo v Seaford U.F.S.D., 165 AD3d 1358, 1359 [2018], lv denied 32 NY3d 914 [2019]; Matter of Martinez v Kingston City Sch. Dist., 140 AD3d 1421, 1423 [2016]).
Although claimant contends that, prior to the February 2012 work-related injury, he did not receive any medical treatment for his lower back "since approximately 2003," the medical evidence in the record demonstrates that he continued to experience lower back pain for which he sought treatment up until the February 2012 injury. Although at hearings in February 2014, April 2014 and October 2015 claimant readily acknowledged and provided a more detailed and accurate narrative of his prior back injury and treatment that he received for that injury, his testimony on these matters at a prior December 13, 2012 hearing varied significantly. At that December 2012 hearing, claimant testified that, prior to the February 2012 injury, he was "not certain" whether he ever received medical treatment for his back and that he could not recall being diagnosed with a herniated disc in 2004. Further, at the hearing, the self-insured employer submitted March 2012 and April 2012 recorded conversations between claimant and its representatives during which claimant stated that he was in a motor vehicle accident years ago, but that he was not seriously injured, that he did not have any prior back conditions and that he never sought medical treatment for his lower back prior to his February 2012 work-related accident. Claimant's explanations regarding his material omission of his prior back injury and medical treatment during the recorded conversations and at the December 2012 hearing, as well as his denial of concealing his medical history to obtain indemnity benefits for his alleged consequential lower back condition, presented a credibility issue for the Board to resolve (see Matter of Vazquez v Skuffy Auto Body Shop, 168 AD3d at 1242; Matter of Petrillo v Comp USA, 131 AD3d 1282, 1283 [2015]; Matter of Hershewsky v Community Gen. Hosp., 125 AD3d 1068, 1069 [2015]). In view of the foregoing, we conclude that substantial evidence supports the Board's determination that claimant violated Workers' Compensation Law § 114-a by making false representations and omissions regarding material facts about his prior back injury and treatment for the purpose of obtaining workers' compensation benefits, and, therefore, the determination will not be disturbed (see Matter of Vazquez v Skuffy Auto Body Shop, 168 AD3d at 1241-1242; Matter of Kodra v Mondelez Intl., Inc., 145 AD3d at 1132-1133; Matter of Jacob v New York City Tr. Auth., 26 AD3d 631, 632 [2006]). To the extent that we have not addressed claimant's remaining contentions, they have been considered and found to be without merit.
Garry, P.J., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.