Matter of Cartafalsa v Zurich Am. Ins. Co. (2019 NY Slip Op 06840)





Matter of Cartafalsa v Zurich Am. Ins. Co.


2019 NY Slip Op 06840


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

528678

[*1]In the Matter of the Claim of John B. Cartafalsa Jr., Appellant,
v
Zurich American Insurance Company et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 6, 2019

Before: Garry, P.J., Egan Jr., Lynch and Pritzker, JJ.


Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for Zurich American Insurance Company and another, respondents.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed October 9, 2018, which ruled, among other things, that claimant did not sustain a causally-related injury and denied his claim for workers' compensation benefits.
Claimant filed a claim for workers' compensation benefits asserting that he suffered a work-related myocardial infarction in August 2017. Following the prehearing conference, the Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence of a causally-related injury. The WCLJ also informed the parties that the case had been transferred to a special part for expedited hearings (see Workers' Compensation Law § 25 [3] [d]) and set the date for the initial expedited hearing. Following the initial expedited hearing, where claimant and the employer's witness testified, the WCLJ directed the depositions of the parties' medical experts and scheduled a final hearing for summations on those depositions for May 31, 2018. At the outset of the final hearing, claimant requested that the WCLJ also consider a medical report from an independent medical examiner based solely on a record review, completed on May 15, 2018 (see 12 NYCRR 300.2 [b] [12]). The WCLJ precluded the examiner's report and ultimately disallowed the claim, finding that claimant had not established a causal relationship. Upon review, the Workers' Compensation Board affirmed and closed the case. Claimant appeals.
We affirm. Initially, we find no merit in claimant's contention that the examiner's report was improperly precluded. As part of the expedited hearing process, all independent medical examination reports must be filed at least three days before the date of the initial expedited hearing (see 12 NYCRR 300.38 [h] [1] [iii]; see also 12 NYCRR 300.2 [b] [12]; [d] [4] [i]). The initial expedited hearing was held on April 5, 2018 and claimant did not submit the report to the Board until May 22, 2018. Claimant thereafter requested that the WCLJ admit the report at the May 31, 2018 final expedited hearing, which was scheduled for the sole purpose of oral summations of the prior deposition testimony of claimant's treating physician and the physician who performed an independent medical examination of claimant for the employer. As this matter was transferred to the special expedited hearing process — which necessitates that the matter be resolved within a certain time frame (see Workers' Compensation Law § 25 [3] [d]; 12 NYCRR 300.34, 300.38 [h]) — we conclude that it was not an abuse of discretion for the WCLJ, under these circumstances, to preclude the review of the untimely submitted report, and render a decision based upon the evidence before him (see generally Matter of Cross v G.A. Hall, Inc., 24 AD3d 903, 904 [2005]).
Turning to the merits of the claim, "[t]he Board is empowered to determine the factual issues of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Kemraj v Garelick Farms, 164 AD3d 1504, 1504 [2018] [internal quotation marks and citations omitted]; accord Matter of Bufearon v City of Rochester Bur. of Empl. Relations, 167 AD3d 1391, 1392 [2018]). "A claimant bears the burden of establishing, by competent medical evidence, a causal relationship between an injury and his or her employment" (Matter of Poverelli v Nabisco/Kraft Co., 123 AD3d 1309, 1310 [2014] [internal quotation marks and citations omitted]; accord Matter of Dupont v Quality Distrib., Inc., 158 AD3d 967, 968-969 [2018]). Such evidence "must signify a probability of the underlying cause that is supported by a rational basis and not be based upon a general expression of possibility" (Matter of Lichten v New York City Tr. Auth., 132 AD3d 1219, 1219-1220 [2015]; see Matter of Richards v Massena Cent. Schs., 150 AD3d 1349, 1350 [2017]). Claimant presented the report and testimony of his treating physician, Henry Cabin. Although Cabin noted that claimant informed him that he had been under a tremendous amount of work-related stress, Cabin could only opine that such stress "could possibly have contributed to [claimant's myocardial infarction]." In light of the speculative nature of Cabin's testimony, the Board's determination that claimant had not demonstrated a causal relationship between his employment and his myocardial infarction is supported by substantial evidence and will not be disturbed (see Matter of Donato v Taconic Corr. Facility, 143 AD3d 1028, 1030 [2016]; Matter of Mayette v Village of Massena Fire Dept., 49 AD3d 920, 922 [2008]). Claimant's remaining contentions, to the extent not specifically addressed, have been reviewed and found to be without merit.
Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.