Matter of Allen v CPP-Syracuse, Inc. (2021 NY Slip Op 03226)





Matter of Allen v CPP-Syracuse, Inc.


2021 NY Slip Op 03226


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

530285
[*1]In the Matter of the Claim of Casey Allen, Respondent,
v
CPP-Syracuse, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:April 28, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Wolff, Goodrich & Goldman, Syracuse (Robert E. Geyer Jr. of counsel), for appellants.
Law Firm of Alex Dell, PLLC, Albany (Edward Obertubbessing of counsel), for Casey Allen, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed January 29, 2010, which ruled, among other things, that claimant's generalized anxiety disorder was consequential to his established claim for injuries to his left shoulder and neck.
On June 14, 2010, claimant was injured at work while lifting a heavy object over his head and sought medical treatment for his injuries. On October 31, 2014, based upon claimant's medical examination and the results of an independent medical examination, a notice of proposed decision was filed wherein the Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that, as a result of the accident, claimant sustained a work-related injury to his neck and left shoulder. The proposed decision noted that any objection to the findings should be filed before December 5, 2014, otherwise the proposed decision would become final. No objections were filed by any party.
In 2018, based upon a letter by claimant's mental health physician, claimant sought to amend the claim to include consequential injuries of depression, anxiety and emotional dysregulation. Subsequently, claimant was evaluated by Kishor Sangani, an independent medical examiner, who concluded that claimant's generalized anxiety disorder was causally related to the June 2010 work-related injuries. Following a hearing, the WCLJ, by decision filed July 24, 2018, amended the claim to include consequential generalized anxiety disorder and directed further development of the record regarding claimant's consequential depression and emotional dysregulation.
The employer and its third-party administrator (hereinafter collectively referred to as the employer) administratively appealed, contending that the medical opinions, including that of Sangani, relied upon inaccurate medical and employment information and, therefore, were not credible. To that end, the employer asserted that any determination about whether to amend the claim to include generalized anxiety disorder should be held in abeyance pending further development of the record. In addition, the employer applied for a rehearing or reopening of the October 31, 2014 WCLJ decision, asserting that the claim should be established only for the left shoulder as claimant's injury to his neck is not causally related to the work accident. The Workers' Compensation Board affirmed the WCLJ's July 24, 2018 decision and denied the employer's application for a rehearing or reopening. The employer appeals.
"Whether a subsequent disability arose consequentially from an existing compensable injury is a factual question for resolution by the Board, and its determination will not be disturbed when supported by substantial evidence" (Matter of Campito v New York State Dept. of Taxation & Fin., 153 AD3d 1063, 1064 [2017] [internal quotation marks and citation omitted]; accord Matter of Dowdell v Office of Family & Children Servs., 121 AD3d 1140, 1140-1141 [2014]). "Moreover, the Board is [*2]vested with the discretion to assess the credibility of medical witnesses, and its resolution of such issues is to be accorded great deference, particularly with regard to issues of causation" (Matter of Derouchie v Massena W.-WC-Smelter, 160 AD3d 1310, 1311 [2018] [internal quotation marks and citations omitted]).
We are unpersuaded that the Board erred in denying the employer's request for further development of the record regarding claimant's generalized anxiety disorder. Both claimant's treating physician and Sangani agreed that a causal relationship existed between claimant's generalized anxiety disorder and the established work-related injuries. Contrary to the employer's contention, a review of Sangani's medical report establishes that his opinion was based upon, among other things, a comprehensive psychiatric assessment of claimant and a 2½-hour thorough review of claimant's extensive medical records, including claimant's mental health records and treatment for prior significant psychiatric issues. As there was no medical disagreement that claimant's generalized anxiety disorder was causally related to the instant claim, further development of the record with regard thereto was unwarranted (see e.g. Matter of Kinkhabwala v ADP TotalSource FL XIX Inc., 156 AD3d 1265, 1267-1268 [2017]; Matter of Bryan v Borg-Warner Automotive, 293 AD2d 856, 857 [2002]). Furthermore, given the undisputed medical opinions, and deferring to the Board's assessment of the basis and credibility of such medical opinions, we find that substantial evidence supports the Board's decision to amend the claim to include consequential generalized anxiety disorder (see Matter of White v House, 147 AD3d 1173, 1175 [2017]; Matter of Dowdell v Office of Family & Children Servs., 121 AD3d at 1141; Matter of Bailey v Ben Ciccone, Inc., 104 AD3d 1017, 1018 [2013]).
We are also unpersuaded by the employer's contention that the Board abused its discretion in denying its request for a rehearing or reopening of the October 31, 2014 decision in order that it be modified to reflect that the claim is established only for a left shoulder injury and not an injury to claimant's neck. In support of its application to reopen that decision, the employer asserted that it recently became aware that claimant was involved in a 2013 motorcycle accident, which, the employer contends, is the cause of claimant's neck injury, not the work-related incident.
It is within the Board's discretion whether to reopen a claim based upon, as relevant here, the availability of certain material evidence which was not previously available (see 12 NYCRR 300.14 [a] [1]). "Although there is no statutorily-prescribed time period in which an applicant may seek rehearing or reopening of a claim, the Board's regulations provide that such an application must be made within a reasonable time after the applicant has had knowledge of the facts constituting the grounds upon which such application is made" (Matter [*3]of Kariauli v Weider, 175 AD3d 1757, 1758 [2019] [internal quotation marks, brackets and citations omitted]; see 12 NYCRR 300.14). Absent an abuse of discretion, the Board's decision whether to reopen a claim will not be disturbed (see Morgan v DR2 & Co. LLC, 189 AD3d 1828, 1830 [2020]; Matter of Defayette v Verizon, 64 AD3d 836, 837 [2009]; Matter of Ewing v YMCA, 57 AD3d 1080, 1081 [2008]).
A review of claimant's 2010 medical records establishes that he complained of neck pain in connection with the work-related accident. Moreover, as noted by the Board, the record belies the employer's contention that it had just recently become aware of the 2013 accident. The 2013 accident was noted in the July 2014 independent medical examiner's report as part of claimant's medical history, giving the employer ample notice of such accident, as well as time to object to the proposed decision prior to it becoming final on December 5, 2014. In view of the foregoing, we discern no abuse of discretion in the Board's denial of the employer's application for a rehearing or reopening of the December 5, 2014 decision.
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.