Matter of Cho v New York City Tr. Auth. (2025 NY Slip Op 05554)

Matter of Cho v New York City Tr. Auth.

2025 NY Slip Op 05554

Decided on October 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 9, 2025

CV-24-0453
[*1]In the Matter of the Claim of Henry Cho, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:September 2, 2025

Before:Garry, P.J., Pritzker, McShan, Powers and Mackey, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Transit Authority, respondent.

Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed February 5, 2024, which disallowed claimant's request to amend his established claim to include consequential injuries.
In September 2019, claimant established a claim for workers' compensation benefits based upon an exacerbation of a preexisting chemical sensitivity, stemming from exposure to chemicals and fumes while at work. Claimant was then reassigned by the employer to work at a different location. In November 2019, claimant's treating physician sent a letter to the employer advising that claimant's reassignment to the new location had resulted in "a complete resolution" of claimant's symptoms and requested that the reassignment be made permanent. Claimant continued to work at the new location until January 2020, when he took a leave of absence to care for his ailing mother.
Claimant's leave ended in June 2020, and, for the year that followed, he was assigned to work from home due to the COVID-19 pandemic. When the time to return to in-person work was approaching, claimant complained of certain mental health symptoms to his treating physician, asserting that, while working from home, he was subjected to harassment from his supervisor regarding his work product and that his supervisor informed him that when employees returned to in-person work, claimant would be required to work at least part of the time at his original office location, where he became sick. The physician later diagnosed claimant with a number of psychological conditions related to those complaints, and claimant thereafter sought to amend his established chemical insensitivity claim to include anxiety, depressed mood, major depressive disorder and insomnia as consequential injuries.
Following hearings, a Workers' Compensation Law Judge found that claimant had not demonstrated that his psychological injuries were a direct or natural consequence of his initial injury and disallowed the claim for consequential injuries. The Workers' Compensation Board affirmed that decision, and claimant appeals.
"Whether a subsequent disability arose consequentially from an existing compensable injury is a factual question for resolution by the Board, and its determination will not be disturbed when supported by substantial evidence" (Matter of Allen v CPP-Syracuse, Inc., 194 AD3d 1278, 1279 [3d Dept 2021] [internal quotation marks and citations omitted]; accord Matter of DiPippo v Accurate Signs & Awnings, 231 AD3d 1213, 1214 [3d Dept 2024]). "A consequential injury, in turn, is one that results directly and naturally from claimant's prior injuries and the disability thereby produced" (Matter of Dowdell v Office of Family & Children Servs., 121 AD3d 1140, 1141 [3d Dept 2014] [internal quotation marks, brackets and citation omitted]; see Matter of Aungst v Family Dollar, 221 AD3d 1222, 1226 [3d Dept 2023], lv granted 41 NY3d 908 [2024]). "A claimant bears the burden of establishing, by competent medical evidence, a causal relationship [*2]between a subsequent disability and the established work-related injury" (Matter of Campito v New York State Dept. of Taxation & Fin., 153 AD3d 1063, 1064 [3d Dept 2017] [citations omitted]; see Matter of Smith v Rochester-Genesse Regional Transp. Auth., 174 AD3d 1264, 1265 [3d Dept 2019]).
Claimant's treating physician testified that claimant's psychological issues were related to his established chemical sensitivity claim in that his "main problem" was that he was anxious "about returning to the same condition that caused his initial symptoms" and "that he has constantly been under threat to return there." Claimant testified that, in part, the lack of accommodation by the employer for his chemical insensitivity, and threats by his supervisor that he would have to return to work at the same location where he became sick, resulted in psychological injuries. However, claimant admitted that the employer sent him an email in June 2021, prior to him having to return to in-person work, informing him that his request to work permanently at the new location had been approved.[FN1] Claimant's physician testified that claimant never informed him that the employer had approved the accommodation, although he later testified that he had seen the email at some point. Claimant further testified to several examples where his supervisor treated him harshly and criticized his work product after he filed his initial claim, and claimant's treating physician also found a causal relationship between the supervisor's actions and claimant's prior disability.
Notably, "the Board is not bound to accept the opinion of any expert and may reject an expert medical opinion if it is incredible, speculative or lacks evidentiary support in the record — even if such opinion/evidence is the only proof offered on a particular issue" (Matter of Vujeva v Dairy Conveyor Corp., 237 AD3d 1433, 1435 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Birro v Wolkow-Braker Roofing Corp., 226 AD3d 1228, 1229 [3d Dept 2024]). In light of the evidence in the record that the employer approved claimant's request for an accommodation as to his work location in June 2021, substantial evidence supports a finding that claimant's alleged psychological injuries did not result from a fear of being assigned to work at his original location. As to the alleged harassment of claimant by his supervisor, we agree with the Board that, even if those actions were motivated by the fact that claimant had filed his prior workers' compensation claim, claimant has not demonstrated that the asserted psychological injuries resulted directly and naturally from his prior chemical insensitivity disability so as to establish a consequential injury. As the Board concluded, the supervisor's actions in harassing claimant were too remote to establish a causal nexus to the prior disability, even if the actions could constitute a separate and distinct claim for work-related stress. Based upon the foregoing[*3], and our review of the record as a whole, we find no basis to disturb the Board's determination that claimant failed to demonstrate, by competent medical evidence, a causal relationship between his established disability and his alleged consequential injuries, and, therefore, its decision is supported by substantial evidence (see Matter of Smith v Rochester-Genesse Regional Transp. Auth., 174 AD3d at 1266-1267; Matter of Richards v Massena Cent. Schs., 150 AD3d 1349, 1350-1351 [3d Dept 2017]).
Pritzker, McShan, Powers and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant testified that the June 2021 email was sent to his business email and that he did not see it until the employer referenced it in a May 2022 letter to him advising that, if he did not return to work by June 9, 2022, his employment would be terminated.