Matter of Fleming v DOCCS Attica Corr. Facility (2026 NY Slip Op 01572)

Matter of Fleming v DOCCS Attica Corr. Facility

2026 NY Slip Op 01572

Decided on March 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 19, 2026

CV-24-1667
[*1]In the Matter of the Claim of Donald Fleming, Appellant,
vDOCCS Attica Correctional Facility et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 10, 2026

Before:Clark, J.P., Aarons, Pritzker, McShan and Corcoran, JJ.

Connors & Ferris, LLP, Buffalo (Marc P. DiMatteo of counsel), for appellant.
David F. Wertheim, State Insurance Fund, Albany (Janis M. Riekstins of counsel), for DOCCS Attica Correctional Facility and another, respondents.

Corcoran, J.
Appeal from a decision of the Workers' Compensation Board, filed September 10, 2024, which, among other things, disallowed claimant's request to amend his workers' compensation claim to include consequential injuries to his hips.
Claimant established a workers' compensation claim for injuries to his right foot and ankle stemming from a 2015 work-related accident, which required various surgical interventions in 2015 and 2019.[FN1] In 2016 and 2017, claimant underwent unrelated knee replacement surgeries. In 2022, claimant complained of bilateral hip pain and, following a physical examination and review of X-rays, Nicholas Violante, an orthopedic surgeon, diagnosed claimant with severe bilateral hip osteoarthritis — noting that the altered gait related to the right foot injury and ensuing surgeries caused referred pain to claimant's hips. Violante referred claimant to his partner, Daniel Vargo, for a second opinion as to whether the bilateral hip issue was consequentially related to the established right foot injury. Upon examination, Vargo opined that, although hip osteoarthritis is a chronic degenerative condition and would have developed regardless of the altered gait, the right foot injury and resultant abnormal gait could have hastened the bilateral hip osteoarthritis.
In October 2022, Vargo filed a prior authorization request (hereinafter PAR) for left hip replacement surgery along with supporting medical documentation. The State Insurance Fund (hereinafter SIF) initially denied the surgical request in a PAR Level 1 response because it was unrelated to the established right foot and ankle claim; however, the SIF attached a PAR Level 2 insurer review granting the request following a peer review of the medical evidence that found claimant's left hip condition was consistent with the need for hip replacement surgery under the New York Medical Treatment Guidelines. Vargo performed the left hip replacement surgery in February 2023.
SIF objected to the receipt and payment of medical bills associated with the left hip surgery on the basis that it was unrelated to the 2015 claim and that it was not liable for the alleged consequential hip injury. The Workers' Compensation Board, in a proposed conciliation decision, resolved the dispute in favor of SIF. Claimant objected, asserting that SIF accepted liability by authorizing the surgery. Following a hearing, a Workers' Compensation Law Judge (hereafter WCLJ) found prima facie medical evidence for consequential bilateral hips and provided SIF with an opportunity to produce an independent medical report of consequential causality of the hips. Claimant was thereafter examined by James McGlowan, an orthopedic surgeon, who opined that claimant's bilateral hip condition was due to preexisting arthritis and was not associated with the established foot injury or consequentially related to the altered gait pattern.
At a hearing scheduled following the depositions of Violante and Vargo,[FN2] claimant argued that [*2]there was sufficient medical evidence to amend the claim to include the consequential bilateral hip injury, and that, regardless of the medical evidence, SIF conceded liability for the consequential left hip injury by granting authorization for the left hip replacement surgery. At the conclusion of the hearing, the WCLJ disallowed the claim for consequential bilateral hip injuries, rejected claimant's assertion that SIF conceded liability by granting surgical authorization and resolved the related medical bills in favor of SIF. Upon administrative appeal, the Board affirmed the WCLJ's decision. Claimant appeals.
Initially, claimant contends that the Board erred in disallowing amendment of the claim to include consequential bilateral hip injuries. Specifically, claimant asserts that the credible medical evidence of Violante and Vargo established that his altered gait and biomechanical issues resulted from the right foot injury, which activated and/or aggravated the dormant bilateral arthritic hip condition. We disagree.
"A consequential injury . . . is one that results directly and naturally from [a] prior injur[y] and the disability thereby produced" (Matter of Cho v New York City Tr. Auth., 242 AD3d 1279, 1280 [3d Dept 2025] [internal quotation marks and citations omitted]). "A claimant bears the burden of establishing, by competent medical evidence, a causal relationship between a subsequent disability and the established work-related injury" (id. at 1281; see Matter of Campito v New York State Dept. of Taxation and Fin., 153 AD3d 1063, 1064 [3d Dept 2017]). "Whether a subsequent disability arose consequentially from an existing compensable injury is a factual question for resolution by the Board, and the Board is vested with the authority to resolve conflicting medical opinions and to draw reasonable inferences from record evidence" (Matter of Becker v United Cerebral Palsy Assoc., 231 AD3d 1255, 1256 [3d Dept 2024] [internal quotation marks and citations omitted], appeal dismissed 44 NY3d 1029 [2025]; see Matter of Brennan v Village of Johnson City, 213 AD3d 1058, 1060 [3d Dept 2023]). Where the Board's determination as to whether a consequential injury exists is supported by substantial evidence, it will not be disturbed (see Matter of Brown v Laboratory Corp. of Am., 222 AD3d 1127, 1130-1131 [3d Dept 2023]; Matter of Campito v New York State Dept. of Taxation & Fin., 153 AD3d at 1064).
Here, the Board credited McGlowan's opinion, who, unlike Violante and Vargo, evaluated claimant's right foot and reviewed related medical records in evaluating the bilateral hip condition. McGlowan opined that there was no association between claimant's hip osteoarthritis and the injury as claimant's left and right hip conditions were due to a preexisting condition and not directly associated with the 2015 right foot injury or consequentially related due to claimant's altered gait pattern. Although Violante and Vargo testified that there was a "possibility[*3]" that claimant's altered gait due to the right foot injury "could" have activated or aggravated the dormant bilateral hip osteoarthritis to become symptomatic, "such generalized statements are . . . insufficient to meet claimant's burden of proof " (Matter of DiPippo v Accurate Signs & Awnings, 231 AD3d 1213, 1215 [3d Dept 2024]). As noted by the Board, Vargo attributed claimant's bilateral hip condition to his abnormal and altered gait arising solely from the right foot injury, notwithstanding claimant's report that his bilateral hip symptoms manifested after his knee replacement surgeries. In view of the foregoing, and deferring to the Board's credibility assessment of the conflicting medical evidence, we find that substantial evidence supports the Board's decision disallowing claimant's request to amend his claim to include a consequential injury of bilateral hips and, as such, it will not be disturbed (see Matter of Becker v United Cerebral Palsy Assoc., 231 AD3d at 1257; Matter of Kot v Beth Ameth Home Attendant Serv., 70 AD3d 1114, 1115 [3d Dept 2010]).
We are also unpersuaded by claimant's alternative argument that SIF accepted liability for the left hip replacement when it granted Level 2 authorization for the surgery. 12 NYCRR 324.4 (d) provides that "[i]f a claim is controverted or the time to controvert the claim has not expired, and the insurance carrier, self-insured employer or third-party administrator agrees that the medical care for which a PAR is requested is consistent with the Medical Treatment Guidelines or is medically necessary, such agreement shall not be construed as an admission that the condition for which the PAR is requested is compensable and the insurance carrier, self-insured employer or third-party administrator is not liable for the cost of such treatment unless the claim or condition is established." The record supports the Board's finding that SIF timely and continually controverted the alleged consequential bilateral hip claim and initially denied the PAR approval at Level 1 of the process. The authorization granted at Level 2 of the PAR process confirmed, upon review of the medical evidence submitted, that the request for surgery was consistent with the Medical Treatment Guidelines and otherwise medically necessary. As such, approval for the surgery was not, per the regulation, an admission or concession by SIF that it was liable for the unestablished left hip claim (see 12 NYCRR 324.4 [d]). To the extent not specifically addressed, we find claimant's remaining contentions to be without merit.
Clark, J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant has a prior established workers' compensation claim for a 2006 work-related incident, which also required surgical intervention.

Footnote 2: Claimant waived deposition of McGlowan.